UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CURTIS SMITH, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BYTEDANCE LTD, a limited company,<br><br>Defendant. | Case No. __2:21-cv-0333 RSM__<br><br>**COMPLAINT**<br>**JURY DEMAND** |

Plaintiff Curtis Smith ("Smith" or "Plaintiff") alleges for his Complaint against Defendant Bytedance Ltd. ("Defendant"), on personal knowledge as to his own activities and on information and belief as to the activities of others, as follows:

## PRELIMINARY STATEMENT

1. This is an action for reverse domain name hijacking under 15 U.S.C. § 1114(2)(D)(v) and a declaratory judgment under 28 U.S.C. § 2201 that Smith's registration and use of the internet domain name tiktokfollowersfree.com (the "Domain Name") does not violate Defendant's rights under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), or otherwise under the Lanham Act, 15 U.S.C. § 1051 et seq.

2. The Domain Name has been suspended by registrar NameCheap, Inc. and is at immediate risk of being transferred away from Plaintiff by the actions of Defendant, which claims trademark rights to the Domain Name.

## PARTIES

3. Plaintiff Curtis Smith is an individual residing in Stanford, United Kingdom.

4. Defendant Bytedance Ltd is a limited company established in Cayman Islands. Upon information and belief, the address for service of the Defendant is 802 West Bay Road, Grand Cayman, KY1 – 1205 Cayman Islands.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the causes of action arise under federal law, specifically reverse domain-name hijacking under 15 U.S.C. § 1114(2)(D)(v) and a declaratory judgment under 28 U.S.C. § 2201.

6. This Court has personal jurisdiction over Bytedance Ltd because it consented to jurisdiction in this court by filing a complaint with the World Intellectual Property Organization (WIPO), which contains consent to jurisdiction of the district in which the domain name registrar's primary offices are located. The domain name registrar for the Domain Name is NameCheap, Inc. And upon information and belief, NameCheap, Inc. is located within this district in Washington.

7. This Court is the proper venue because NameCheap, Inc. has its primary office in Washington and, under 28 U.S.C. § 1391(b)(1) and (c), because Defendant Bytedance is deemed a resident of this district for venue purposes, as well as under subsection (b)(2) because a substantial part of the events giving rise to the claims alleged in this Complaint occurred in this judicial district.

## FACTUAL BACKGROUND

8. This case involves "reverse domain name hijacking," which occurs when an individual or an entity alleges that it is the owner of a trademark and asserts spurious claims of trademark infringement or trademark dilution against the owner of a domain name that is allegedly similar or identical to the registered trademark.

9. Plaintiff is a Good-faith Registrant of the Domain Name that incorporates a generic word "tik tok" which is in wide use.

10. There are hundreds filed marks "tik tok" around the word owned by different parties. The term "tiktok" has many meanings: 1) an alternating ticking sound, as that made by a clock; 2) to emit or produce a ticking sound, like that of a clock; 3) a ticking sound as made by a clock; 4) to make a ticking sound. The Oxford dictionary explains tik-tok as "The sound of a large clock ticking" or "Make a ticking sound." This definition was created in the middle of 19th century.

11. The Plaintiff's website TikTokFollowersFree.com is a Social Media Website and is not associated with Bytedance or the TikTok brand. TikTokFollowersFree is a fan website that also sells social media services, and this website is operated a small team, who share useful information regarding TikTok updates and news. The Plaintiff does not attempt to be a commercial entity or assign otherwise to a brand; TikTokFollowersFree.com is an information and resource website which works with news publishers to deliver high quality news and information.

12. The Plaintiff did not register the Domain Name primarily for the purpose of preventing "the owner of the trademark or service mark from reflecting the mark in a corresponding domain name," because the Plaintiff believed that the word tiktok is generic and no one has exclusive right to use this word. The Plaintiff did not intend to create a likelihood of confusion or disrupt Defendant's business.

13. The Plaintiff's website has the disclaimer eliminated any possibility that the Plaintiff was attempting to infer an affiliation with the Defendant and its mark. The disclaimer on the Plaintiff's website states "TikTokFollowersFree.com is a Social Media Services website and is not associated with Bytedance or the TikTok brand."

14. At the time the Plaintiff purchased the domain name, there was no material traffic to the domain and no reason to expect a meaningful traffic flow.

15. The Plaintiff never tried to sell the domain name.

16. Upon information and belief, Bytedance Ltd., together with its subsidiary, TikTok Information Technologies UK Limited, is the owner of trademark registrations for TIK TOK across various jurisdictions.

17. Upon information and belief, Bytedance is an internet technology company. It owns a series of content platforms that enable people to connect with consuming and creating content through machine learning technology, including Toutiao, Douyin, and TikTok.

18. On December 28, 2020, Bytedance filed a complaint with the World Intellectual Property Organization (WIPO), thereby initiating an arbitration proceeding against Plaintiff in accordance with the Uniform Domain Name Dispute Resolution Policy ("UDRP"). The UDRP establishes a process for contesting domain name registrations using a system of private arbitrators. Each domain name registrant agrees to the UDRP process when they register a domain name, and each person who files a complaint consents to the jurisdiction of the court in which the particular domain name registrar is located when the complaint is filed. The UDRP does not have an internal appeal process, instead relying on courts to review the decisions of panelist arbitrators. Once a panelist decision is rendered, the losing party has ten days to file a declaratory judgment action or the decision is implemented, in this case meaning the domain name would be transferred to Bytedance.

19. WIPO accepted the Complaint and the registrar of the Domain Name locked the Domain Name, thereby prohibiting the Plaintiff from utilizing it.

20. On January 7, 2021, the Plaintiff filed his response to the UDRP complaint.

21. On March 3, 2021, the panelist rendered a decision requiring the transfer of the domain name to Bytedance. The reasons stated in the ruling of the arbitrator represent a significant departure from the written standards contained in the UDRP, in that Bytedance did not prove that (1) the Plaintiff did not have bona fide rights in the Domain Name or in terms included in the Domain Name (for purposes of the federal trademark laws that are applicable to the proceeding), (2) the Plaintiff had no legitimate interest in the domain, or (3) that the Plaintiff had registered and/or used the Domain Name in bad faith.

22. There are not any possibility of confusion between the Plaintiff's web site and the services offered by Bytedance to the general public.

23. The Plaintiff's use of TikTokFollowersFree.com as his chosen domain name is a fair or otherwise lawful use of the term.

24. At no time did the Plaintiff trade upon or use Bytedance's trademarks for his business of monetizing domain names.

25. At no time did the Plaintiff register or use the domain name TIKTOKFOLLOWERSFREE.COM in bad faith as defined by 15 U.S.C. §1125.

26. Because of Bytedance's actions, the Plaintiff faces losing valuable rights in the Domain Name.

27. Due to the impending transfer of the Domain Name to Bytedance by the WIPO Panel, the Plaitniff is now forced to bring this action to protect his rights in his intellectual property. The Plaintiff has had to incur substantial fees and costs to bring this suit.

28. Because WIPO has directed that the TIKTOKFOLLOWERSFREE.COM domain name be transferred to Bytedance, this Court has jurisdiction under 15 U.S.C. §1114(2)(D)(v) to

determine whether the Plaintiff's registration and use of TIKTOKFOLLOWERSFREE.COM is unlawful under the ACPA and the Lanham Act.

29. Based on the facts set forth herein, an actual controversy has arisen and now exists between the Plaintiff and Bytedance regarding whether or not the Plaintiff's use of the term TIKTOKFOLLOWERSFREE.COM as his domain name infringes Bytedance's trademarks and/or constitutes trademark dilution and/or can serve as the basis for any relief under any Federal or state law.

30. The Plaintiff has never sold, transferred, or trafficked in the Domain Name.

31. At all times, the Plaintiff utilized the Domain Name in a bona fide manner for bona fide purposes. The Plaintiff does not refer to or use in any manner Bytedance's trademarks. The Plaintiff's website has the disclaimer eliminated any possibility that the Plaintiff was attempting to infer an affiliation with the Defendant and its mark.

32. The Plaintiff has never had any intent to divert consumers from Bytedance's online location to a site accessible under the Domain Name that could harm the goodwill represented by the mark.

33. The Plaintiff's use of the Domain Name has been lawful and has not infringed upon the mark of Bytedance. The Plaintiff did not provide material and misleading false contact information when applying for the registration of the Domain Name. The Plaintiff did not fail to maintain accurate contact information with respect to the Domain Name or with respect to any other domain name.

34. The Plaintiff's use of TIKTOKFOLLOWERSFREE.COM as his chosen domain name is a fair or otherwise lawful use of the term. Because of Bytedance's actions and its claims

of trademark infringement and dilution, the Plaintiff faces losing valuable rights in the Domain Name.

**FIRST CAUSE OF ACTION**
**Declaratory Relief – 28 U.S.C. § 2201**
**No Violation of Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)**

35. The Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

36. An actual controversy exists about whether the Plaintiff should be entitled to the domain name TIKTOKFOLLOWERSFREE.COM under the ACPA.

37. The ACPA provides a cause of action for a registrant whose domain name has been suspended, disabled, or transferred under which the registrant may sue for a declaration that the registrant is not in violation of the ACPA and for injunctive relief, including the reactivation of the domain name.

38. Under 15 U.S.C. §1114(2)(D)(v), a registrant who is threatened with the loss of his domain name under the UDRP has a cause of action to seek an injunction returning the domain name if the registrant can show that the registrant is in compliance with the ACPA.

39. The Plaintiff did not register the Domain Name with the bad-faith intent to profit from the goodwill of Bytedance's trademark, as "bad faith" is defined in the ACPA.

40. The Plaintiff is entitled to have the unencumbered use of the Domain Name, to have the Domain Name reactivated, and to have all suspensions or transfers of the Domain Name terminated and prohibited.

41. As a direct and proximate result of Bytedance's actions, the Plaintiff has been and will continue to be damaged through his inability to use the Domain Name.

42. Unless this Court issues a Declaratory Judgment that the Plaintiff is entitled to maintain registration of the Domain Name, the transfer of the Domain Name to Bytedance will damage the Plaintiff irreparably. The Plaintiff has no adequate remedy at law.

43. Bytedance's acts make this an exceptional case under 15 U.S.C. §1117(a) and the Plaintiff is thus entitled to an award of attorney's fees and costs.

## SECOND CAUSE OF ACTION
### Declaratory Relief – 28 U.S.C. § 2201
### No Violation of Lanham Act, 15 U.S.C. § 1114(a)

44. The Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

45. An actual controversy exists about whether the Plaintiff should be entitled to the domain name TIKTOKFOLLOWERSFREE.COM under the Lanham Act.

46. The Plaintiff's and Bytedance's legal interests are adverse and create a present threat of litigation.

47. The Plaintiff's use of the Domain Name is not likely to cause confusion or mistake, or deceive as to the affiliation, connection, or association of the Plaintiff with Bytedance, or as to the origin, sponsorship, or approval by Bytedance.

48. Bytedance's acts make this an exceptional case under 15 U.S.C. §1117(a) and the Plaintiff is thus entitled to an award of attorney's fees and costs.

## THIRD CAUSE OF ACTION
### Reverse Domain Name Hijacking, 15 U.S.C. § 1114(2)(D)(v)

49. The Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

50. (1) registration of a domain name; (2) that has been "suspended, disabled, or transferred under a policy implemented by a registrar as described in 15 U.S.C. §

1114(2)(D)(ii)(II);" (3) "that the owner of the mark that prompted the domain name to be suspended, disabled, or transferred has notice of the action;" and (4) "that [the plaintiff's] registration or use of the domain name is not unlawful."

## REQUEST FOR RELIEF

Curtis Smith respectfully requests the following relief:

1. An order directing the Registrar NameCheap, Inc. to take all action necessary to enable the Domain Name; to reactivate the Domain Name; to discontinue any suspension of the Domain Name; and to refrain from transferring the Domain Name from Smith to Bytedance;

2. A judgment declaring that Smith's registration, use, and possession of the Domain Name neither infringes Bytedance's trademarks nor dilutes the trademarks in any manner, nor constitutes a violation of any Federal or State law;

3. A judgment declaring that Smith may continue to use and enjoy the Domain Name without interference of any type by the Bytedance;

4. A judgment, order, or injunction enjoining Bytedance from interfering with or challenging Smith's registration, possession, or use of the Domain Name;

5. A judicial declaration that this is an exceptional case under the Lanham Act because Bytedance initiated the UDRP with the bad-faith intent to use the legal system to steal the Domain Name from Smith;

6. An award of Smith's reasonable attorney's fees and costs incurred in bringing this action; and

7. Such other, further, and different relief as the Court may deem just and proper under the circumstances.

March 9, 2021

Curtis Smith (pro se)
/s/ Curtis Smith